**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANNON JENKINS,<br><br>                    Plaintiff,<br><br>          v.<br><br>RADIUS GLOBAL INFRASTRUCTURE, INC.,<br>WILLIAM H. BERKMAN, MICHAEL D.<br>FASCITELLI, NOAM GOTTESMAN,<br>WILLIAM D. RAHM, PAUL A. GOULD,<br>ANTOINETTE COOK BUSH, THOMAS C.<br>KING, NICK S. ADVANI, and ASHLEY<br>LEEDS,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FEDERAL SECURITIES**<br>**LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shannon Jenkins ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.    This is a stockholder action brought by Plaintiff against Radius Global Infrastructure, Inc. ("Radius" or the "Company") and the members of Radius' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell the Company to EQT Partners, Inc. ("EQT") and Public Sector Pension Investment Board ("PSP") (the "Proposed Transaction").

2.      On March 1, 2023, Radius entered into an Agreement and Plan of Merger with APW OpCo LLC ("OpCo")[1], Chord Parent, Inc. ("Parent"), Chord Merger Sub I, Inc. ("Merger Sub I"), and Chord Merger Sub II, LLC ("Merger Sub II") (the "Merger Agreement").  Parent, Merger Sub I and Merger Sub II are affiliates of EQT and PSP.  Pursuant to the terms of the Merger Agreement, Radius shareholders will receive $15.00 in cash per share of Radius common stock.

3.      On April 7, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Preliminary Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Radius stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information, including with respect to Radius' financial projections and the most critical metric for Radius stockholders—Radius' unlevered free cash flow ("UFCF") projections—relied upon by the Board's financial advisors, Citigroup Global Markets Inc. ("Citi"), Goldman Sachs & Co. LLC ("Goldman"), and the transaction committee of the Board's ("Transaction Committee") financial advisor, Barclays Capital Inc. ("Barclays") in connection with their fairness opinions, as well as the financial analyses underlying Citi's, Goldman's and Barclays' respective fairness opinions.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Radius stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for Radius stockholders to vote on the Proposed Transaction will soon be scheduled.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Radius' other shareholders to make an informed decision whether to vote their

---

[1] OpCo is the parent of AP WIP Investment Holdings, LP.  Radius directly owns a 96.6% interest in OpCo, and the remaining 3.4% interest is owned by other members of OpCo, including certain Radius executive officers.

shares in favor of the Proposed Transaction.  Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Radius' common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of Radius common stock.

10.     Defendant Radius is a Delaware corporation, with its principal executive offices located at 3 Bala Plaza East, Suite 502, Bala Cynwyd, Pennsylvania 19004.  Radius' shares trade on the Nasdaq Global Market under the ticker symbol "RADI."

11.     Defendant William H. Berkman has been Co-Chairman of the Board and, Chief Executive Officer and a director of the Company at all relevant times.

12.     Defendant Michael D. Fascitelli has been Co-Chairman of the Board and a director of the Company at all relevant times.

13.     Defendant Noam Gottesman has been a director of the Company at all relevant times.

14.     Defendant William D. Rahm has been a director of the Company at all relevant times.

15.     Defendant Paul A. Gould has been a director of the Company at all relevant times.

16.     Defendant Antoinette Cook Bush has been a director of the Company at all relevant times.

17.     Defendant Thomas C. King has been a director of the Company at all relevant times.

18.     Defendant Nick S. Advani has been a director of the Company at all relevant times.

19.     Defendant Ashley Leeds has been a director of the Company at all relevant times.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

21.     Through its subsidiaries, Radius is a multinational owner and acquiror of triple net rental streams and real properties leased to wireless operators, wired operators, wireless tower companies, and other digital infrastructure operators in Italy, the United Kingdom, the United States, other European countries, and internationally.   As of December 31, 2022, Radius had interests in the revenue streams of approximately 9,188 assets that were situated on approximately 7,024 different communications sites located throughout the United States and 20 other countries.

**The Proposed Transaction**

      22.     On March 1, 2023, Radius announced that it had entered into the Proposed

Transaction, stating, in relevant part:

> NEW YORK--(BUSINESS WIRE)--Radius Global Infrastructure, Inc. (NASDAQ: RADI), ("Radius"), EQT and Public Sector Pension Investment Board ("PSP") announced today that they have entered into a definitive agreement under which EQT Active Core Infrastructure and PSP will indirectly acquire Radius for $15.00 per share in cash, representing a total enterprise value of approximately $3.0 billion.

> Radius is a leading global aggregator of real property interests underlying wireless telecommunications cell sites and other digital infrastructure assets. EQT is a purpose-driven global investment organization. PSP is one of Canada's largest pension investment managers.

> The purchase price represents a premium of 28% over the unaffected closing price of Radius shares on February 24, 2023, and a premium of 31% to the volume-weighted average price of Radius shares over the last 90 days.

> "This transaction is both an exciting next step for Radius and a great outcome for shareholders as it provides compelling value," said Bill Berkman, Co-Chairman and CEO of Radius. "Partnering in a private capital context with EQT and PSP, both of which have significant expertise in communications infrastructure, will enable Radius to accelerate origination activity and further invest in both geographic expansion and adjacent asset opportunities. I want to thank the incredible Radius team for their commitment and success in building the platform we have today. With EQT and PSP's support, we will continue to be a strong and collaborative partner for our tenants as we continue to grow Radius as the premier global aggregator and owner of digital infrastructure-oriented real property assets."

> Alex Greenbaum, Partner within EQT Active Core Infrastructure's Advisory Team, said, "Radius is one of the market leaders in the aggregation of digital infrastructure sites and we believe it will benefit from long-term tailwinds supported by growing demand for data. This acquisition aligns directly with EQT Active Core Infrastructure's investment criteria and thematic approach to investing - Radius' strong cash flows, sticky customer base, geographically diverse portfolio and inflation protection make the Company a strong fit for the fund. We look forward to partnering with the entire Radius team as they continue their strong growth trajectory."

> "PSP is thrilled to participate in this exciting acquisition of Radius Global Infrastructure," said Patrick Charbonneau, Senior Managing Director and Global Head of Infrastructure Investments at PSP. "Radius is a strong fit with PSP's

portfolio and mandate given it has inflation-adjusted contracted income, little exposure to GDP, and substantial growth opportunities linked to demand for digital services. I want to thank EQT who brings valuable expertise to help this partnership reach its full potential and I look forward to working with the excellent management team at Radius to support their continued delivery of value-accretive products to their customers."

**Transaction Approvals and Timing**

The Radius Board of Directors, upon the recommendation of a Transaction Committee comprised of independent directors, has unanimously approved the transaction, and the transaction is not subject to a financing condition. It is expected to close in the third quarter of 2023, subject to satisfaction of customary closing conditions including the receipt of certain regulatory approvals and approval by Radius shareholders, as well as certain other conditions related to Radius' indebtedness and available cash. Radius has obtained consents to the transaction from certain of its lenders. Certain Radius shareholders, including Mr. Berkman, Centerbridge Partners, L.P., Imperial Landscape Sponsor LLC, TOMS Acquisition II LLC and their respective affiliated entities, as applicable, have entered into agreements to vote their combined 21% ownership in favor of the transaction.

Upon completion of the transaction, Radius will be a privately held company indirectly wholly owned by EQT Active Core Infrastructure and PSP, as well as Radius management. Radius shares will no longer be listed on any public securities exchange. Radius will retain its name and brand and will continue to be operated by its existing management team and employees worldwide.

**Advisors**

Citi is serving as lead financial advisor, Goldman Sachs & Co. LLC is serving as financial advisor and Cravath, Swaine & Moore LLP is serving as legal advisor to Radius. Barclays is serving as financial advisor and Morris, Nichols, Arsht & Tunnel LLP is serving as legal advisor to the Transaction Committee of the Board of Directors of Radius.

Morgan Stanley & Co. LLC and Simpson Thacher & Bartlett LLP are serving as financial and legal advisors, respectively, to EQT Active Core Infrastructure. Evercore and Weil, Gotshal & Manges LLP are serving as financial and legal advisors, respectively, to PSP.

## The Materially Incomplete and Misleading Proxy Statement

23.    On April 7, 2023, the Board caused to be filed a materially incomplete and

misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Radius

stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for Radius, including the UFCFs relied upon by the Board's financial advisors, Citi and Goldman, and the Transaction Committee's financial advisor Barclays in connection with their fairness opinions; and (ii) the financial analyses that support the fairness opinions provided by Citi, Goldman and Barclays.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for Radius*

24.     The Proxy Statement fails to disclose material information concerning the financial projections for Radius.

25.     Critically, the Proxy Statement fails to disclose the UFCFs that Radius was forecasted to generate during calendar year 2023 through calendar year 2032, relied upon by the Board's and Transaction Committee's financial advisors in connection with their respective discounted cash flow analyses ("DCFs"). A DCF is considered the premier and most reliable valuation tool that a banker can employ in a merger context, because management's own internal projections (typically cash flows or UFCFs) are the core component of the analysis.[2] The UFCFs formed the bases of the DCFs of Radius performed by Citi, Goldman and Barclays in connection with their respective fairness opinions. *See* Proxy Statement at 64 ("Citi calculated the estimated present value (as of December 31, 2022) of the standalone unlevered after-tax free cash flows that Radius was forecasted to generate during calendar year 2023 through calendar year 2032 as reflected in the December 31, 2023 – 2032 Management Forecasts"), 68 ("Goldman Sachs

---

[2] *See, e.g., Onti, Inc. v. Integra Bank*, 751 A.2d 904, 916 n.53 (Del. Ch. 1999) (indicating that the Delaware Chancery Court has employed the DCF method as a method of valuation and that experts consider it to be the preeminent method of valuation); *Neal v. Alabama By-Products Corp.,* C.A. No. 8282, 1990 Del. Ch. LEXIS 127, at *20 (Del. Ch. Aug. 1, 1990) (noting that experts consider the DCF method to be the preeminent method of valuation).

discounted to present value, as of December 31, 2022, [ ] estimates of unlevered free cash flow for Radius for the calendar years 2023 through 2032, as reflected in the Forecasts"), 75 ("Barclays added the Company's projected after-tax unlevered free cash flows for fiscal years 2023 through 2032 based on the December 31, 2023 – 2032 Management Forecasts").

26.     The Proxy Statement includes a summary of Radius management's December 31, 2023 – 2032 Management Forecasts.  *See id.* at 81.  Yet, this summary fails to include the most important projections – the UFCFs.  Instead, the Proxy Statement includes the "Ground Cash Flow" that Radius is projected to generate during calendar year 2023 through calendar year 2032. *See id.*  Although Ground Cash Flow is the only "cash flow" projection metric provided to Radius stockholders, "Ground Cash Flow" is actually a measure of gross profit.  *See id.* ("'Ground Cash Flow' measures gross profit, which is calculated as revenue minus cost of service.").  The omission of the UFCFs and the inclusion of the Ground Cash Flow renders the projections on page 81 and the summaries of the DCFs of Radius performed by Citi, Goldman and Barclays set forth on pages 64, 68 and 75 of the Proxy Statement, respectively, incomplete and misleading, because the Proxy Statement provides a materially incomplete and misleading valuation picture of the Company.

*Material Misrepresentations and/or Omissions Concerning Citi's, Goldman's and Barclays' Financial Analyses*

27.     The Proxy Statement fails to disclose material information concerning Citi's, Goldman's and Barclays' financial analyses.

28.     With respect to Citi's *DCF*, in addition to the Company's UFCFs, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 7.90% to 8.60%; (iii) Radius' net debt

as of December 31, 2022; (iv) the present value as of December 31, 2022 of Series A Founder Preferred Stock implied annual dividends; and (v) the Company's fully diluted outstanding shares.

29.     With respect to Citi's *Present Value of Future Share Price* analysis, the Proxy Statement fails to disclose a quantification of: (i) the adjusted annualized in-place rent of Radius for each of calendar years 2023 through 2032; and (ii) the inputs and assumptions underlying the discount rate of 12.1%.

30.     With respect to Citi's *Precedent Premiums Paid* analysis, the Proxy Statement fails to disclose: (i) the identities of the transactions selected; and (ii) individual premiums observed.

31.     With respect to Goldman's *Illustrative DCF*, in addition to the Company's UFCFs, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the terminal year estimate of unlevered free cash flow; (iii) the inputs and assumptions underlying the discount rates ranging from 7.9% to 8.7%; (iv) Radius' net debt as of December 31, 2022; (v) the present value as of December 31, 2022 of Series A Founder Preferred Stock implied annual dividends; and (vi) the Company's fully diluted outstanding shares.

32.     With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the net debt of Radius for each of calendar years 2022 through 2025; (ii) the projected year-end number of fully diluted outstanding shares of Class A Common Stock each of calendar years 2022 through 2025; and (iii) the inputs and assumptions underlying the discount rate of 11%.

33.     With respect to Goldman's *Premia Paid Analysis*, the Proxy Statement fails to disclose: (i) the transactions analyzed; and (ii) the individual premiums observed for each transaction.

34.     With respect to Barclays' *DCF*, in addition to the Company's UFCFs, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 8.0% to 8.5%; (iii) Radius' net debt as of December 31, 2022; and (iv) the Company's fully diluted outstanding shares.

35.     With respect to Barclays' *Selected Comparable Company Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics of the companies observed.

36.     With respect to Barclays' *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's fully diluted outstanding shares as of February 28, 2023; and (ii) the inputs and assumptions underlying the discount rate range of 12.4% to 13.3%.

37.     With respect to Barclays' *Equity Research Price Target Analysis*, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

38.     In sum, the omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Opinion of Citi," "Opinion of Goldman Sachs," and "Opinion of Barclays" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Radius will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Radius**

39.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Radius is liable as the issuer of these statements.

41.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

45.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

46.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of Radius within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Radius and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

51.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

52.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Radius, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  May 1, 2023                              **ACOCELLI LAW, PLLC**


                                    By   */s/ Richard A. Acocelli*
                                         Richard A. Acocelli
                                         33 Flying Point Road, Suite 131
                                         Southampton, NY 11968
                                         Tel: (631) 204-6187
                                         Email: racocelli@acocellilaw.com

                                         *Attorneys for Plaintiff*